UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

DENISE CARLON, ESQUIRE
KML LAW GROUP, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
215-627-1322
dcarlon@kmllawgroup.com
Attorneys for Secured Creditor:
Bank of America, N. A.

In Re:
Kevin E. Eldridge
Debtor

**Order Filed on March 12, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.:  25-19542 MBK

Hearing Date: 11/19/2025 @ 10am

Judge:  Michael B. Kaplan

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 12, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:          Kevin E. Eldridge
Case No.:        25-19542 MBK
Caption:         **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                 DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Bank of America, N.A., not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, holder of a mortgage on real property located at 1012 Old Corlies Avenue, Neptune, NJ, 07753, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Jonathan Goldsmith Cohen, Esquire, attorney for Debtor, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by June 15, 2026, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to object to any further modified play or extension of the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program and Secured Creditor does not waive its rights to collect same; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by the date set forth in the loss mitigation or as may be further extended by an Order Extending Loss Mitigation or an amended plan; and

Page 3
Debtor:            Kevin E. Eldridge
Case No.:          25-19542 MBK
Caption:           **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                   DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor shall modify the plan to cure the arrears, surrender the property, or sell or refinance the property within thirty days of the denial; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.